UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Harvey Pratt</u>

   v.                                            Civil No. 05-cv-367-SM

<u>New Hampshire Department
of Corrections, et al.</u>

**O R D E R**

*Pro se* plaintiff Harvey Pratt has filed a complaint and amendment thereto, pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution and New Hampshire law (document nos. 1 and 9). He seeks injunctive, declaratory and monetary relief under Section 1983 and attorneys fees under 42 U.S.C. § 1988. Named as defendants are numerous employees and officers of the New Hampshire Department of Corrections ("NHDOC"), New Hampshire State Prison ("NHSP") and the Northern New Hampshire Correctional Facility ("NCF").[1] Also

---

[1] The NHDOC and following NHDOC employees are named as defendants: Stephen J. Curry, Commissioner; John Vinson, Legal Counsel; and Irene McCormack, Sex Offender Program Coordinator; Also named as a defendant is John Eckert, Secretary to the New Hampshire Adult Parole Board ("Parole Board").

The following NCF employees are named as defendants: Larry Blaisdell, Acting Warden; Tina Withington, Head of

named as defendants are three physicians allegedly acting as agents or servants of the NHDOC: Dr. James K. Wolcott of Concord Hospital; Steven V. Manzi of Concord Hospital; and Stanley W. Whitaker of Androscoggin Hospital.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Pratt has alleged the following claims: (1) Fourteenth Amendment due process claims, arising from his disciplinary proceedings, against Curry, Vinson, Cattell, Cunningham, Gardiner, Dunnack, Kingsbury, Black, Toriz, Chessman, Denis, Desmond, Howlett, Morin, Shaw, J.L. and Thibeault; (2) First and Fourteenth

---

Classifications; Dan Millis, Unit Manager; Elmer Van Hoesen, Counselor; and Sergeant Hill, Corrections Officer.

  The following NHSP employees are named as defendants: Bruce Cattell, Warden; Greg Crompton, Deputy Warden; Kim Lacasse, Head of Classifications; Craig Thyng, Unit Manager; Jeff Shanahan, Counselor.  The following NHSP corrections officers are also named as defendants: Major Cunningham; Major Dan Shaw; Lieutenant Thibeault; Lieutenant Daniel R. Toriz; Sergeant Blake; Sergeant Desmond; Sergeant Anthony Kingsbury; Sergeant J.L.; Sergeant Morin; P.N. Chessman; K. Dennis; J. Dunnack; Gardiner; K. Howlett; and Pelletier.

Amendment retaliation claims against Curry, Vinson, Cattell, Cunningham, Gardiner, Dunnack, Kingsbury, Black, Toriz, Chessman, Denis, Desmond, Howlett, Morin, Shaw, J.L. and Thibeault; (3) Fourteenth Amendment due process claims, arising from his classification as a "sex offender," against Curry, Wrenn, Vinson, Cattell, Blaisdell, Eckert, McCormack, Crompton, Lacasse, Shanahan, Thyng, Van Hoesen, Millis, Withington and Howlett; (4) Eighth Amendment denial of adequate medical care claims against Eppolito, Baker, Crompton and McLeod; (5) Fourteenth Amendment right to privacy claims, arising from the disclosure or dissemination of confidential medical information, against Baker and Eppolito; and (6) supervisory liability claims against Curry, Vinson, Blaisdell, Cattell and Crompton.  I further recommend that this Court exercise jurisdiction over Pratt's related supplemental state law claims.  I recommend dismissal of all remaining claims.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint served on the defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order and the complaint (document nos. 1 and 9).  See LR 4.3(d)(2)(C).  Within

thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

The defendants are instructed to answer or otherwise plead within thirty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: March 31, 2006
cc:   Harvey Pratt, *pro se*