UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Harvey Pratt

    v.                                Civil No. 05-cv-367-SM

New Hampshire Department
of Corrections, et al.

**REPORT AND RECOMMENDATION**

    Plaintiff Harvey Pratt, an inmate at the New Hampshire Department of Corrections' Northern Correctional Facility ("NCF"), moves for injunctive relief seeking an order enjoining the Defendants from denying him access to photocopying services for evidentiary materials, including affidavits from other inmates (document no. 17). Defendants object. The Court held an evidentiary hearing on the motion on June 8, 2006.

    The evidence showed that in April 2006 NCF Media Generalist Angela Poulin, supported by NCF Unit Manager Thyng and NCF Case Counselor Dolan, denied Pratt's request to photocopy an affidavit from Michael Zampell, another NCF inmate, who had provided his observations of a corrections official who allegedly entered Pratt's cell unannounced and then rifled through Pratt's legal

materials outside of Pratt's presence.  Ms. Poulin testified that the decision to deny Pratt's request to photocopy the Zampell Affidavit was based on New Hampshire Department of Corrections Policy and Procedure Directive ("PPD") 7.42, which generally prohibits the photocopying of documents "that involve other inmates."  See PPD 7.42, IV(B)(2) (attached as Exhibit B to Defendants' objection).  Defendants' counsel conceded at the hearing that the PPD is overly broad in that, taken to its logical conclusion, the policy prohibits the photocopying of any document that refers to another inmate, which is not the intent behind the policy.  Counsel represented that he would advise the Department of Corrections to revise the PPD to prevent events such as this from reoccurring.

The evidence further showed that the prison hearing officer at the disciplinary proceeding for which Pratt sought to copy the Zampell Affidavit did in fact accept and consider the Zampell affidavit during Pratt's disciplinary proceeding.  Therefore, Pratt was not harmed by the refusal to allow him to access to photocopying services in this particular instance.  Pratt did not provide any other support for his request for an injunction at the evidentiary hearing.

Based on the foregoing, the Court recommends that Plaintiff's motion for injunctive relief (document no. 17) be deemed moot.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: June 8, 2006

cc: Harvey Pratt, <u>pro</u> <u>se</u>
    Andrew B. Livernois, Esq.